11-3944-cv(L)
*Ipcon Collections LLC v. Costco Wholesale Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2012

(Argued: September 21, 2012                      Decided: October 9, 2012)

Docket Nos. 11-3944-cv(L), 11-4166-cv(XAP)

_____

IPCON COLLECTIONS LLC,

*Plaintiff-Appellant-Cross-Appellee,*

v.

COSTCO WHOLESALE CORP.,

*Defendant-Appellee-Cross-Appellant.*

_____

Before: LEVAL, CABRANES, and KATZMANN, *Circuit Judges.*

Ipcon Collections LLC ("Ipcon") appeals from an August 25, 2011 judgment of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*) granting the motion to dismiss of Costco Wholesale Corp. ("Costco"). We affirm the judgment granting Costco's motion to dismiss because Ipcon's claim—that Costco never intended to honor the relevant sales contracts—is a claim for fraud in the inducement, and thus—under the terms of the contracts and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*—must be considered by an arbitrator and not a district court. Costco appeals from the District Court's judgment denying sanctions under Federal Rule of Civil Procedure 11. Because a district court has broad discretion both in finding whether a party has violated Rule 11 and in deciding whether to impose sanctions, we affirm the District Court's denial of Rule 11 sanctions. We also deny Costco's motion for sanctions under Federal Rule of Appellate Procedure 38.

1

ANTHONY H. HANDAL, Handal & Morofsky, LLC, New York, NY, *for Plaintiff-Appellant-Cross-Appellee Ipcon Collections LLC.*

DOUGLAS H. FLAUM (John W. Brewer, Kathleen R. Fitzpatrick, *on the brief*), Fried, Frank, Harris, Shriver & Jacobson LLP, New York, NY, *for Defendant-Appellee-Cross-Appellant Costco Wholesale Corp.*

JOSÉ A. CABRANES, *Circuit Judge*:

This appeal arises out of a contract dispute between Costco and ES Electrosales Leadsinger, Co., Ltd. ("Leadsinger"), a company that sold, *inter alia*, karaoke systems. Between October 2005 and September 2008, Leadsinger and Costco entered into a series of agreements by which Costco agreed to sell Leadsinger's goods on a consignment basis. Each agreement contained a clause obliging the parties to arbitrate any dispute arising out of the agreements. Costco allegedly did not perform its obligations under these contracts, and Leadsinger's business eventually failed.

Ipcon, the successor-in-interest to Leadsinger, brought suit against Costco on December 2, 2010, alleging that Costco induced Leadsinger to consign its products to Costco, while never intending to honor its agreements to pay Leadsinger for its products. Ipcon's complaint alleged six counts: (1) fraud; (2) fraudulent returns and misaccounting; (3) conversion; (4) negligent bailment; (5) unfair trade practices—fraud; and (6) fraud in the inducement.[1]

Costco then initiated arbitration proceedings and, on May 16, 2011, moved "pursuant to Federal Rule of Civil Procedure 12(b), and the Federal Arbitration Act," to dismiss the action as barred by the arbitration clause in each contract. Costco then requested sanctions against Ipcon pursuant to Federal Rule of Civil Procedure 11 ("Rule 11"). Ipcon, pointing to Costco's purported fraud, argued that the

---

[1] Ipcon later attached an amended complaint to its opposition to Costco's motion to dismiss which removed the words "in the inducement" and added an allegation of fraud in the factum in Count Six. It appears from the docket that the complaint was never actually amended.

arbitration clauses were ineffective because the parties had never formed valid contracts in the first place. On this basis, Ipcon also cross-moved to stay arbitration.[2]

On August 24, 2011, the District Court held that Ipcon had not presented a valid defense to arbitration and dismissed the action in favor of the pending arbitration proceeding. Specifically, the Court determined that Ipcon could not defeat the otherwise-valid arbitration clauses because its "complaint allege[d] a claim for fraud in the inducement insofar as [it] assert[ed] [that Costco] lied and misrepresented its intentions to induce Leadsinger to enter into the agreements." Joint App'x 277. Having dismissed Ipcon's suit, the District Court then denied Costco's motion for sanctions, although it noted that Ipcon's "submissions to the Court ha[d] not rested on the strongest precedent or arguments." *Id.* at 281.

On appeal, Ipcon argues that Costco fraudulently induced Leadsinger to deliver goods under purported contracts when Costco never had any intention to perform its obligations under those contracts. Ipcon thus argues that the entire contracts—including the relevant arbitration clauses—are invalid, and therefore the District Court should have granted Ipcon's motion to stay arbitration and denied Costco's motion to dismiss. On cross-appeal, Costco argues that the District Court should have granted Rule 11 sanctions against Ipcon, and requests that we order sanctions in the first instance pursuant to Rule 38 of the Federal Rules of Appellate Procedure ("Rule 38").

---

[2] Ipcon elected not to pay the arbitrator a deposit representing estimated total arbitration costs; the arbitration proceeding was accordingly suspended on September 15, 2011, three weeks after the District Court dismissed this action.

## DISCUSSION

### A.      Arbitration

We review *de novo* a district court's dismissal of an action in favor of arbitration.  *See Contec Corp. v. Remote Solution Co.*, 398 F.3d 205, 208 (2d Cir. 2005).  As the Supreme Court explained in *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S 440 (2006), challenges to a contract containing an arbitration clause fall into two categories: those that challenge the contract as a whole, and those that challenge the arbitration clause in particular.  *Id.* at 444.  If the challenge is to "'the arbitration clause itself—an issue which goes to the making of the agreement to arbitrate—the federal court may proceed to adjudicate it.'"  *Id.* at 445 (quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403–04 (1967)).

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, however, "'does not permit the federal court to consider claims of fraud in the inducement of the contract generally.'"  *Buckeye Check Cashing*, 546 U.S. at 445 (quoting *Prima Paint Corp.*, 388 U.S. at 404).  Rather, such claims must be decided by the arbitrator.  *Prima Paint Corp.*, 388 U.S. at 403–04.  Nevertheless, a limited exception to the requirement of arbitration for general contract challenges may be available where a party "questions . . . whether a contract was ever made."  *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 406 n.5 (2d Cir. 2009); *see Buckeye Check Cashing*, 546 U.S. at 444 n.1.

Ipcon claims that the contracts between Leadsinger and Costco were void at their signing because Costco "never intended to honor [them]."[3]  Appellant Br. 9; *see also id.* at 5 (alleging that "Costco never intended to perform in accordance with the terms of the written document[s]," and that the documents were "nothing more than an artifice to take possession of goods belonging to Leadsinger, after which Costco would follow its standard, but hidden, fraudulent practices").  If the contracts were never formed, Ipcon argues, the case would appropriately be tried before the District Court rather than

---

[3] In its reply brief, Ipcon elaborates, noting that its "complaint had specifically alleged the instances and magnitude of Costco's fraud that had clearly evidenced Costco's intent to cause Leadsinger to enter an arbitration agreement specifically for the purposes of preventing Leadsinger from seeking redress against Costco after Costco had bankrupted it."  Appellant Reply Br. 4.

4

before an arbitrator. It further alleges that Costco committed "fraud in the factum," *id.* at 10, a claim that would mean that the contracts were void *ab initio.*

Ipcon's argument is meritless. Although Ipcon argues on appeal that the complaint alleges fraud in the factum, the complaint actually asserts—both in form and substance—fraud in the inducement. Indeed, Ipcon's allegation that Costco "never intended to honor" its contract is a quintessential example of the latter type of fraud. A party has made out a claim of fraudulent inducement if it has pled "(i) a material misrepresentation of a presently existing or past fact; (ii) an intent to deceive; (iii) reasonable reliance on the misrepresentation by appellants; and (iv) resulting damages." *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 143 (2d Cir. 2011) (citing *Ross v. Louise Wise Servs., Inc.*, 8 N.Y.3d 478, 488 (2007)). By alleging that Costco knew at the time of signing that it did not intend to abide by the contract and deceived Leadsinger into thinking that it would abide by the contract, *see, e.g.*, Appellant Br. 5, 9, Ipcon has stated the first two elements of fraud in the inducement.[4] Moreover, even if Ipcon had alleged fraud in the factum, the factual allegations in the complaint have nothing to do with that type of claim, which is only appropriate "in those 'rare cases' where 'the misrepresentation is regarded as going to the very character of the proposed contract itself, as when one party induces the other to sign a document by falsely stating that it has no legal effect.'" *Revak v. SEC Realty Corp.* 18 F.3d 81, 91 (2d Cir. 1994) (quoting E.A. Farnsworth, CONTRACTS § 4.10 (1990)).[5]

Ipcon alternatively argues that, because Costco allegedly did not intend to perform the obligations delineated in the contracts, there was no meeting of the minds as to the contracts' key terms and thus no contracts were formed. This argument is likewise meritless. The contracts are each clear on

---

[4] Although we delineate the legal arguments conceivably supported by Ipcon's allegations, we do not consider, much less decide, the merits of Ipcon's arguments. The merits of this case are for the arbitrator to determine.

[5] Ipcon's allegations are not of the type that could support a claim for fraud in the factum. Nowhere does Ipcon allege that Costco changed the documents after they were signed, *Hetchkop v. Woodlawn at Grassmere, Inc.*, 116 F.3d 28, 32 (2d Cir. 1997); that Costco claimed it had authority to enter into the agreements when it in fact did not, *Buckeye Check Cashing*, 546 U.S. at 444 n.1; or that Costco misrepresented the enforceability of the contract, *Revak*, 18 F.3d at 91. Indeed, it alleges no factual basis for such a claim.

their face as to the obligations of the parties, and both parties duly executed the contracts, indicating that they understood their obligations. Ipcon does not allege that the parties had differing contemplations of their obligations under the contracts, or that the parties defined key terms of the contracts in differing manners. The required *objective* meeting of the minds is demonstrated here by the fully executed contracts. *See Express Indus. & Terminal Corp. v. N.Y. State Dep't of Transp.*, 93 N.Y.2d 584, 589 (1999) (Richard C. Wesley, J.) (in determining whether a contract was formed, courts "look to the basic elements of the offer and the acceptance to determine whether there is an objective meeting of the minds sufficient to give rise to a binding and enforceable contract").

The District Court correctly determined that dismissal was required in order to effectuate the contracts' arbitration clauses.

## B. Sanctions

Costco appeals from the District Court's denial of Rule 11 sanctions, and simultaneously moves for Rule 38 sanctions. We review a district court's denial of a motion for Rule 11 sanctions for abuse of discretion. *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011). Sanctions may be—but need not be—imposed when court filings are used for an "improper purpose," or when claims are not supported by existing law, lack evidentiary support, or are otherwise frivolous. FED. R. CIV. P. 11(b)-(c)[6];

---

[6] As currently written, Federal Rule of Civil Procedure 11 provides, in relevant part:

**(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

6

*see Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 391 (2d Cir. 2003) (noting that a particular legal argument forms the basis for sanctions only if it is "patently contrary to existing law").

Further, even when a district court finds a violation of Rule 11, "[t]he decision whether to impose a sanction for a Rule 11(b) violation is . . . committed to the district court's discretion." *Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004). The cases Costco relies on to suggest that sanctions may be mandatory are inapplicable or no longer good law. In *Gurary v. Winehouse*, 235 F.3d 792 (2d Cir. 2000), sanctions were mandatory only because the case arose under the Private Securities Litigation Reform Act. *Id.* at 797. Our *Gurary* decision has no bearing on Rule 11 sanctions outside of that context. *See id.* ("The PSLRA . . . *mandates* the imposition of sanctions if the court determines that Rule 11 has been violated" (emphasis in original)). The other two cases offered by Costco, *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243 (2d Cir. 1985), and *Norris v. Grosvenor Mktg. Ltd.*, 803 F.2d 1281 (2d Cir. 1986), were decided before Rule 11 was revised in 1993 to include crucial language that "the court *may* impose an appropriate sanction." FED. R. CIV. P. 11(c)(1) (emphasis added).[7] Those cases are therefore no longer good law on this issue. In short, sanctions under Rule 11 are discretionary, not mandatory.

Although Ipcon's arguments are weak, given the confusing nature of the division of responsibility between courts and arbitrators as to contract formation, we decline to disturb the considered decision of the District Court to "err on the side of finding that [Ipcon's] arguments were

---

**(c) Sanctions.**

    **(1) In General.** If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

[7] Prior to the 1993 revision, Rule 11 read, in relevant part: "[i]f a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee." FED. R. CIV. P. 11 (1983) (amended 1993).

not objectively unreasonable." Joint App'x 282. Furthermore, even if the District Court had abused its discretion in finding Ipcon's arguments not objectively unreasonable, we would see no reason to disagree with the District Court's decision not to award sanctions. The denial of Costco's motion for Rule 11 sanctions is affirmed. For the same reason, we decline to impose sanctions in the first instance pursuant to Rule 38.

## CONCLUSION

To summarize, we hold that:

(1) Ipcon's claims against Costco must be heard by an arbitrator and not a district court;

(2) The District Court did not abuse its discretion in denying Rule 11 sanctions; and

(3) Rule 38 sanctions will not be imposed.

For the reasons stated above, we affirm the August 25, 2011 judgment of the District Court, and deny Costco's motion for sanctions under Federal Rule of Appellate Procedure 38.