12-3568-cv
*Duran v. The J. Hass Group, L.L.C., et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of September, two thousand thirteen.

PRESENT:

    JOSÉ A. CABRANES,
    CHESTER J. STRAUB,
    SUSAN L. CARNEY,
             *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BERNARDITA DURAN,

    *Plaintiff-Appellant,*

    -v.-                                          No. 12-3568-cv

THE J. HASS GROUP, L.L.C., THE LAW OFFICE OF JASON HASS, P.L.C.,

    *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Meghan Faux, Johnson M. Tyler, Pavita Krishnaswamy, Edward Josephson, South Brooklyn Legal Services, Brooklyn, NY. |
| **FOR DEFENDANTS-APPELLEES:** | No appearance. |

1

Appeal from the August 8, 2012 judgment of the United States District Court for the Eastern District of New York (Roslynn R. Mauskopf, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 8, 2012 judgment of the District Court be **AFFIRMED**.

Plaintiff Bernardita Duran appeals from the judgment of the District Court dismissing her claims against defendants the J. Hass Group, L.L.C., and the Law Office of Jason Hass, P.L.C., in favor of arbitration. Duran concedes that her claims are subject to arbitration, but contends that the forum selection clause contained in the arbitration agreement is unconscionable, and that she therefore cannot be forced to submit to arbitration in Maricopa County, Arizona. The District Court held that, pursuant to the valid arbitration agreement, it was for the arbitrator, rather than the court, to decide in the first instance whether the forum selection clause was unconscionable. "We review de novo a district court's dismissal of an action in favor of arbitration." *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 61 (2d Cir. 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We agree with the District Court that the question of the validity of the forum selection clause is a procedural issue presumptively for the arbitrator to decide, because, critically, Duran has conceded that her contract with the defendants binds her to submit any dispute to arbitration. Appellant's Br. 20. While "a gateway dispute about whether the parties are bound by a given arbitration clause raises a question of arbitrability for a court to decide," *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) (internal quotation marks omitted), an arbitrator presumptively resolves issues of "contract interpretation and arbitration procedures," *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 453 (2003) (plurality opinion). Indeed, we have previously required parties to submit to an arbitrator the question of whether a forum selection clause applied to their dispute, *UBS Fin. Servs., Inc. v. W. Va. Univ. Hosps., Inc.*, 660 F.3d 643, 654-55 (2d Cir. 2011), and we see no principled distinction between the circumstances presented in that case and those we confront here.[1]

Moreover, the Supreme Court has explained that a challenge to arbitration on the basis of unconscionability must be directed at the agreement to arbitrate itself. *Rent-A-Center, West, Inc. v. Jackson*, 130 S. Ct. 2772, 2780 (2010). We assume that if Duran had claimed that *the arbitration*

---

[1] We recognize a logical flaw in this result: By requiring arbitration over the validity of the forum selection clause to proceed pursuant to the terms of that forum selection clause, we may well be enforcing an invalid—and, indeed, unconscionable—contract. Even if the arbitrator ultimately decides that the merits of the dispute should not be arbitrated in Arizona, a round of arbitration will already have occurred in Arizona pursuant to the invalid forum selection clause. One might even wonder whether, in that scenario, we would have invented our own contractual terms, inasmuch as the parties would never have had a valid contract to arbitrate in Arizona. Regardless, we think this conclusion, however unusual, is dictated by the binding precedents of the Supreme Court, *see, e.g., Green Tree Fin. Corp.*, 539 U.S. at 452-53, and of our own circuit, *see UBS Fin. Servs.*, 660 F.3d at 654-55.

*agreement* itself was unconscionable due to the forum selection clause, the District Court would have had to consider whether the arbitration agreement was unconscionable prior to dismissing the suit. *See id.*; *see also AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1746 (2011) ("[A]greements to arbitrate [may] be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability . . . ." (internal quotation marks omitted)); *Ragone v. Atlantic Video at Manhattan Ctr.*, 595 F.3d 115, 121 (2d Cir. 2010) ("[I]t is possible that an arbitration agreement may contain terms so onerous as to render it unenforceable under Section 2 of the FAA."). As it is, Duran has conceded that her claims are arbitrable and we "must rigorously enforce arbitration agreements according to their terms," *Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309 (2013) (internal quotation marks omitted).

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, we **AFFIRM** the August 8, 2012 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court