19-1833-cv
Nicosia v. Amazon.com, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand twenty.

PRESENT: RAYMOND J. LOHIER, JR.,
JOSEPH F. BIANCO,
MICHAEL H. PARK,
*Circuit Judges.*

------------------------------------------------------------------

DEAN NICOSIA, ON BEHALF OF HIMSELF
AND ALL OTHERS SIMILARLY SITUATED,

*Plaintiff-Appellant,*

v.                                                          No. 19-1833-cv

AMAZON.COM, INC.,

*Defendant-Appellee.*

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:   JOSEPH SETH TUSA, Tusa P.C., Southold, NY (Gregory S. Duncan, Charlottesville, VA, Peter Dexter St. Phillip, Jr., Lowey Dannenberg, P.C., White Plains, NY, *on the brief*).

FOR DEFENDANT-APPELLEE:   GREGORY T. PARKS (Michael E. Kenneally, James D. Nelson, Regina Schaffer-Goldman, *on the brief*), Morgan, Lewis & Bockius LLP, Philadelphia, PA, Washington, D.C., and New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Dean Nicosia appeals from a judgment of the District Court (Glasser, J.), following a de novo review of a report and recommendation by the Magistrate Judge (Bloom, M.J.), granting a motion to compel arbitration by Amazon.com, Inc. ("Amazon") and dismissing the case. Nicosia claimed that Amazon had violated Washington state law and consumer protection laws based on two purchases he made on Amazon.com of a weight-loss product in 2013 that contained a controlled substance, sibutramine, which had been removed from

2

the market at the request of the Food and Drug Administration in 2010. This case was previously before us in Nicosia v. Amazon.com, Inc. (Nicosia I), 834 F.3d 220 (2d Cir. 2016), when we vacated the dismissal of Nicosia's claims on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure and remanded for further proceedings. Id. at 226. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

When considering a district court's decision on a motion to compel arbitration, we review the legal question of whether the parties have agreed to arbitrate de novo and the factual findings underpinning contract formation for clear error. See Meyer v. Uber Techs., Inc., 868 F.3d 66, 72–73 (2d Cir. 2017). In this case, Washington law controls the question of whether the parties formed a valid agreement to arbitrate. See Nicosia I, 834 F.3d at 231.

The District Court concluded that Nicosia was bound to arbitrate the claims in this case based on a combination of agency principles and equitable estoppel theories. Without resolving whether the District Court erred in relying on either ground to grant the motion to compel, and mindful that "[w]e are free

3

to affirm on any ground that finds support in the record," <u>Wells Fargo Advisors, LLC v. Sappington</u>, 884 F.3d 392, 396 n.2 (2d Cir. 2018) (quotation marks omitted), we conclude that Nicosia was bound by the arbitration agreement based on ordinary principles of notice and assent.

The crux of Nicosia's argument on appeal is that he is not bound to the arbitration clause that has been included in Amazon's conditions of use since August 2011 because he never received notice of the clause or manifested his assent to it. But we previously held in <u>Nicosia I</u> that "[u]nder Washington law, . . . [w]here there is no actual notice of contract terms, an offeree is still bound by the provision if he or she is on <u>inquiry</u> notice of the term and assents to it through the conduct that a reasonable person would understand to constitute assent." <u>Nicosia I</u>, 834 F.3d at 233 (quotation marks omitted); <u>see also</u> Wash. Rev. Code § 62A.1–202(a)(3), (d). Here, Nicosia received notice of the arbitration clause no later than September 2014, when Amazon filed a letter motion in this litigation raising the arbitration clause as a ground for dismissal. Nicosia admitted making at least twenty-seven purchases through Amazon.com since that date, conduct that "a reasonable person would understand to

4

constitute assent." Nicosia I, 834 F.3d at 233 (quotation marks omitted); see also Register.com, Inc. v. Verio, Inc., 356 F.3d 393, 403 (2d Cir. 2004) (quoted in Nicosia I, 834 F.3d at 237–38) ("It is standard contract doctrine that when a benefit is offered subject to stated conditions, and the offeree makes a decision to take the benefit with knowledge of the terms of the offer, the taking constitutes an acceptance of the terms . . . ."). Nicosia denies ever reading the terms and conditions that included the arbitration clause in connection with making these purchases. That is irrelevant. In Nicosia I, we also held that "[a]s with paper contracts[,] . . . to be bound, an internet user need not actually read the terms and conditions or click on a hyperlink that makes them available as long as [he] has notice of their existence." Nicosia I, 834 F.3d at 232. Nicosia does not dispute that he became aware of the existence of the arbitration clause through this litigation. Nor does Nicosia dispute that he thereafter continued to avail himself of Amazon's services by making purchases through its website. He was thus bound by the agreement to arbitrate. See id. at 233.[1]

---

[1] We assume without deciding that the post-2014 arbitration clause applied retroactively to the 2013 purchases at the center of this litigation because Nicosia has forfeited any argument to the contrary. Nicosia never disputed the existence of a

Urging a contrary conclusion, Nicosia argues that the District Court's decision to grant Amazon's motion to compel conflicts with our decision in Nicosia I, in which we explained that "reasonable minds could disagree" whether there was an agreement to arbitrate given the allegations in, and documents integral to, the complaint. Id. at 237–38. But we did not foreclose the development on remand of other evidence that might fortify the existence of an agreement to arbitrate. See In re Coudert Bros. LLP, 809 F.3d 94, 98 (2d Cir. 2015). Nicosia also claims that Amazon's conduct in this litigation constituted a waiver of its right to arbitrate. We disagree. Waiver "is not to be lightly inferred," and Nicosia has not shown any prejudice, including specific costs,

---

broad agreement to arbitrate in Amazon's conditions of use in effect after September 2014, or that Amazon's checkout page continued to link to Amazon's conditions of use after September 2014. The District Court determined that there was no dispute that Amazon's conditions of use included an arbitration clause at all times since August 2011 or that the clause remained materially the same. Nicosia did not contest that determination below, and he does not do so now on appeal. Nor has Nicosia objected to the conclusion below that the 2011 conditions of use did not contain a temporal limitation on the disputes covered by the arbitration provision, or to the construction of the clause as applying retroactively, including in response to Amazon's argument on appeal that we should affirm based on its post-litigation notice to Nicosia of the arbitration clause. Nicosia has therefore forfeited any arguments on these grounds. See Biediger v. Quinnipiac Univ., 691 F.3d 85, 98 n.6 (2d Cir. 2012); Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002).

stemming from Amazon's delay in filing the motion to compel.    Thyssen, Inc. v. Calypso Shipping Corp., S.A., 310 F.3d 102, 104–05 (2d Cir. 2002) (quotation marks omitted).    Nor do we discern that the parties engaged in litigating any substantial merits questions.

Finally, we agree with the District Court that Nicosia's challenge to the illegality of the contract in its entirety is not a threshold question of arbitrability. It therefore should be considered by the arbitrator in the first instance.    See Ipcon Collections LLC v. Costco Wholesale Corp., 698 F.3d 58, 61 (2d Cir. 2012).

We have considered Nicosia's remaining arguments and conclude that they are without merit.    For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7