22-170-cv (L)
Appel v. Hayut

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER.") A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of February, two thousand twenty-three.

PRESENT:
>           DEBRA ANN LIVINGSTON,
>                 *Chief Judge,*
>           JOSÉ A. CABRANES,
>                 *Circuit Judge,*
>           RACHEL P. KOVNER,
>                 *District Judge.*[*]

---

Ronit D. Appel,

>      *Plaintiff-Appellant-Cross-Appellee*,

>      v.                                                        22-170 (L),
>                                                                22-176 (XAP)

Meir Amir Cohen, Hon. Esther Hayut, Yosef Meir Cohen, Hon. Yael Antebi-Sharon, Alisa Rubin Peled, Dr. Kenneth Davis, Dr. David Reich,

>      *Defendants-Appellees*,

David Kazhdan,

>      *Defendant-Appellee-Cross-Appellant.*

---

[*] Judge Rachel P. Kovner, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT-CROSS-APPELLEE:   Ronit D. Appel, pro se, New York, NY.

FOR ISRAELI JUDICIAL DEFENDANTS-APPELLEES:   Mark A. Berman, Jeremy B. Stein, Hartmann Doherty Rosa Berman & Bulbulia, LLC, New York, NY.

FOR DEFENDANT-APPELLEE MEIR AMIR COHEN:   Meir Amir Cohen, pro se, Jerusalem, Israel.

FOR DEFENDANT-APPELLEE ALISA RUBEN PELED:   Arthur M. Antonelli, Law Office of Arthur M. Antonelli, PLLC, Washington, DC.

FOR MT. SINAI DEFENDANTS-APPELLEES:   Katherine Kulkarni, Scott R. Landau, Abell Eskew Landau LLP, New York, NY.

FOR DEFENDANT-APPELLEE-CROSS-APPELLANT DAVID KAZHDAN:   Daniel Kazhdan, Chevy Chase, MD.

Consolidated appeals from a judgment of the United States District Court for the Southern District of New York and an order denying sanctions (Cronan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Appellant Ronit D. Appel ("Appel"), proceeding pro se, appeals the district court's order dismissing her claim under the Torture Victims Protection Act ("TVPA"), 28 U.S.C. § 1350 note. She alleged that numerous defendants, including the Chief Justice of the Israeli Supreme Court, the Director of Mossad, and two Mount Sinai Hospital physicians, among others, took part in an international conspiracy to attempt to kill and torture her, in retaliation for exposing Israeli

2

corruption in a legal dispute between Appel and her neighbor, also a defendant.   After the district court dismissed Appel's complaint, the defendant-neighbor, David Kazhdan ("Kazhdan"), moved for sanctions, which the district court denied.   Appel challenges the district court's judgment, while Kazhdan appeals the denial of sanctions.[2]   We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

*     *     *

We review de novo dismissals under Rule 12(b)(1) and 12(b)(6).  *See Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997).  Dismissal under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate" a case.  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

First, the district court properly dismissed the claims against the Israeli official defendants as barred by the common law doctrine of foreign official immunity.  *See Matar v. Dichter*, 563 F.3d 9, 14–15 (2d Cir. 2009) (holding that foreign officials are entitled to immunity for acts performed in their official capacity).  While Appel argues that the alleged acts by the Israeli official defendants were taken outside of their official capacities, she offers no nonspeculative

---

[2] Defendant-Appellee Alisa Rubin Peled ("Peled") requests that the Court remand the case and instruct the district court to enter dismissal with prejudice of all claims against Peled.   The district court dismissed all claims against Peled for failure to state a claim.   "Because the district court did not state that the dismissal was without prejudice, we assume that a dismissal with prejudice was intended."  *Stern v. Gen. Elec. Co.*, 924 F.2d 472, 477 n.7 (2d Cir. 1991).   Accordingly, the claims against Peled, Kazhdan, Dr. Kenneth Davis, and Dr. David Reich have been dismissed with prejudice, and it is unnecessary to remand to the district court.

3

facts to support this assertion sufficient to undermine the district court's determination.

Further, the district court correctly dismissed Appel's TVPA claims against the remaining defendants for failure to state a claim. The TVPA "creates an express cause of action for victims of torture and extrajudicial killing in violation of international law." *Jesner v. Arab Bank, PLC*, 138 S. Ct. 1386, 1398 (2018). It establishes civil liability for, among other things, "torture and extrajudicial killing carried out by an individual with 'actual or apparent authority, or color of law, of any foreign nation.'" *Chowdhury v. Worldtel Bangladesh Holding, Ltd*., 746 F.3d 42, 51 (2d Cir. 2014) (quoting 28 U.S.C. § 1350 note). Even assuming that the TVPA permits liability for *attempted* extrajudicial killings, Appel failed to "adequately allege" that the remaining defendants acted under a foreign nation's authority. *Arar v. Ashcroft*, 585 F.3d 559, 568 (2d Cir. 2009) (en banc). Instead, her complaint's allegations of state action were all conclusory, and her allegations of a conspiracy on appeal do not save the claims. *See id.* (reasoning that a litigant cannot simply allege the existence of a conspiracy to skirt the TVPA's state action requirement).

Regarding Kazhdan's appeal of the order denying sanctions, which we review for abuse of discretion, *see Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009), we conclude that the district court appropriately exercised its discretion in declining to sanction Appel for violation of Federal Rule of Civil Procedure 11. Even when a district court has found a Rule 11 violation, imposing sanctions for the violation is discretionary. *See Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012). The court also appropriately declined to sanction Appel under either 28 U.S.C. § 1927 or the court's inherent powers because of an insufficient showing of bad faith. *See Wilson v. Citigroup, N.A.*, 702 F.3d 720, 724 (2d Cir. 2012) (per curiam); *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986). We do not find the district court's

4

determination to be so "outside the range of permissible decisions" as to constitute an abuse of the district court's considerable discretion.  *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 287 (2d Cir. 2021).

*    *    *

We have considered the remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court