■ ROBIN RODRIGUEZ et al., Respondents-Appellants, v BARRY I. FREDERICKS, Appellant-Respondent. [623 NYS2d 241] —Order, Supreme Court, New York County (Carol Huff, J.), entered on or about February 14, 1994, which granted defendant's motion for summary judgment only to the extent of dismissing so much of the complaint as alleges malpractice with respect to the CEA count, unanimously modified on the law, to grant the motion for summary judgment in its entirety and to dismiss the complaint, and otherwise affirmed, with costs.

This is a legal malpractice action arising out of defendant's representation of plaintiffs in a Federal civil proceeding in which the Federal plaintiffs asserted several common law, statutory and regulatory claims against the present plaintiffs arising out of their commodities trading and brokering activi-

ties. The Federal defendants actually consist of corporate shells controlled by the two individual plaintiffs in the present action, Rodriguez and Robinson. The record suggests that the Federal defendants acted as broker and dealer, often on both sides of trades in commodities, for the several Federal plaintiffs, and also that the Federal defendants inadequately documented several of these trades and engaged in the trades or sales of higher risk securities than they had contracted for with their customers.

Prior to the Federal trial, the court dismissed Federal securities counts on counsel's motion, and the Federal plaintiffs consequently withdrew Federal civil RICO claims. During trial, over counsel's objections, the court dismissed counsel's clients' cross claims and counterclaims for indemnification and contribution involving First Arbitrage, a principal of the Federal plaintiffs. Counsel secured a stipulation from the Federal plaintiffs that they had relied on First Arbitrage's advice and had vested supervisory responsibility over their trades in the principal owner of First Arbitrage. The verdict, which rejected the breach of contract claims as to certain trades on the basis that First Arbitrage had either ratified the Federal defendants' actions or had waived rights in relation thereto, in significant part vindicated counsel's strategy of shifting responsibility for trading decisions to First Arbitrage. However, this strategy did not relieve the Federal defendants of their fiduciary responsibilities to some, but not all, of the Federal plaintiffs, which also was reflected in the verdict. In this regard, the jury awarded no damages to First Arbitrage, and it awarded nominal damages of one dollar against most of the Federal defendants for regulatory fraud claims, with the major award being imposed only against one of the Federal defendants.

After trial, counsel moved for judgment notwithstanding the verdict, which was denied. While we make no conclusions as to what the ultimate disposition of the judgment and post trial order would have been on appeal, we do note that counsel pursued a thoughtful strategy and his arguments in support of setting aside the verdict had salience.

However, after retaining new counsel for appeal, the Federal defendants settled the judgment, so that the appeal was never taken. The settlement agreement indicated that it was motivated entirely by economic considerations, and the Federal plaintiffs exacted from the Federal defendants no concession of wrongdoing. Up to this point, there was no indication of any dissatisfaction with counsel's performance, and corre-

spondence in the record indicates to the contrary. Apparently when counsel sought payment of his outstanding fee, the Federal defendants commenced the present action, seeking recoupment from counsel for the Federal settlement on a theory of legal malpractice.

We disagree with the IAS Court that summary judgment in favor of defendant is precluded by factual disputes arising out of the parties' disagreement as to defendant's choice of strategies.

Defendant was successful in significant part in the Federal action, and where he was unsuccessful at trial, he pursued appropriate and diligent avenues of relief. Defendant cannot be faulted for the nature and quantum of evidence offered against his clients, and we note his present position that certain of the witnesses whom plaintiffs now contend should have been called on their behalf would have presented credibility difficulties.

Plaintiffs' remaining claims also amount to no more than retrospective complaints about the outcome of defendant's strategic choices and tactics, without demonstrating that those exercises of judgment were so unreasonable at the inception as to have manifested professional incompetence *(see, Bernstein v Oppenheim & Co.,* 160 AD2d 428, 430).

Finally, although there may be cases where the trial representation is so deficient as to compel the nonprevailing party to seek a settlement, this is not such a case. Rather, plaintiffs, by their own conduct in voluntarily settling prior to the appeal, precluded defendant from pursuing the very means by which he could have vindicated his representation. They should not now be permitted to seek damages from counsel in order to recoup a portion of the settlement *(see, supra; Titsworth v Mondo,* 95 Misc 2d 233, 240; *Becker v Julien, Blitz & Schlesinger,* 95 Misc 2d 64, *mod on other grounds* 66 AD2d 674).

We have considered plaintiffs' remaining contentions and find them to be without merit. Concur—Kupferman, J. P., Ross, Asch, Nardelli and Mazzarelli, JJ.