■ JOSEPHINE CRUCIATA, Appellant, v JOSEPH J. MAINIERO, Respondent. [821 NYS2d 151]—

Order, Supreme Court, New York County (Debra A. James, J.), entered March 24, 2005, which, inter alia, granted defendant's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, unanimously reversed, on the law, without costs, the motion denied, the complaint reinstated and the matter remanded for further proceeding.

Despite the detailed on-the-record settlement of plaintiff's matrimonial action, the Second Department subsequently found that plaintiff's allegations seeking to rescind such stipulation were sufficient to create an inference of duress and intimidation exercised by her former husband and the Law Guardian as to the issue of custody and an inference that the former husband may not have fully disclosed his financial assets, that the former husband's pension and other assets were overlooked in arriving at the stipulation and that, as a result of those circumstances, the terms of the agreement were so inequitable as to be manifestly unfair to plaintiff (see Cruciata v Cruciata, 10 AD3d 349, 350 [2004]). Given the foregoing, as well as the subsequent reopening of the matrimonial action for a de novo determination of all issues except for the actual divorce, the allegations in the amended verified complaint sufficiently state causes of action for legal malpractice and related relief against plaintiff's attorney in the matrimonial action. Concur—Andrias, J.P., Saxe, Nardelli, Catterson and Malone, JJ.