■ BENDER BURROWS & ROSENTHAL, LLP, Appellant-Respondent, v AMY E. SIMON, Respondent-Appellant. [884 NYS2d 59]—

Order, Supreme Court, New York County (Debra A. James, J.), entered July 9, 2007, which, to the extent appealed from, denied plaintiff's motion to dismiss the counterclaims asserted against it, and denied defendant's cross motion for partial summary judgment on the counterclaim for the return of certain escrow funds, unanimously modified, on the law, to the extent of granting plaintiff's motion dismissing defendant's first counterclaim for legal malpractice, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered April 18, 2008, which granted plaintiff reargument and, upon reargument, adhered to its prior decision, unanimously dismissed, without costs, as academic.

Defendant's first counterclaim for malpractice should have been dismissed since she failed to demonstrate that she would have succeeded on the merits of the underlying action for divorce but for plaintiff's negligence (*Maillet v Campbell*, 280 AD2d 526, 527 [2001]). Defendant was not prejudiced by plaintiff's midtrial motion to withdraw. On defendant's earlier appeal from the judgment of divorce (55 AD3d 477 [2008]), this Court found that the trial court appropriately exercised its discretion in granting a five-day adjournment rather than the longer one requested by defendant's counsel since successor counsel had nearly a month to prepare for trial. Moreover, although this Court remanded the matter for recalculation of the parties' respective child support obligations and a finding as to the cost of health insurance for defendant at the predivorce level of coverage, it found defendant's arguments relating to the classification, valuation and distribution of property and the award of maintenance unavailing (*id.* at 478). *Cruciata v Mainiero* (31 AD3d 306 [2006]), which was decided on the specific facts of that case, is not to the contrary.

As to defendant's second counterclaim seeking recovery of her escrow funds, the motion court aptly concluded that there are triable questions of fact as to what agreement, if any, the parties had reached as to the disposition of those funds.

We have considered the parties' other arguments for affirmative relief and find them unpersuasive. Concur—Andrias, J.P., Buckley, DeGrasse and Richter, JJ. [*See* 2007 NY Slip Op 32050(U).]