■ WARSHAW BURSTEIN COHEN SCHLESINGER & KUH, LLP, Respondent, v ERIC A. LONGMIRE, Appellant. [965 NYS2d 458]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered April 19, 2012, which granted plaintiff Warshaw Burstein Cohen Schlesinger & Kuh, LLP's (Warshaw) motion to dismiss defendant's counterclaim for legal malpractice pursuant to CPLR 3211 (a) (1) and (7), unanimously affirmed, with costs.

In this action seeking attorney's fees, defendant Eric A. Longmire filed a counterclaim for legal malpractice, alleging that plaintiff negligently failed to pursue a claim of race-based termination, in opposition to a summary judgment motion seeking dismissal of Longmire's federal employment discrimination lawsuit against his former employer.

The motion court properly dismissed the legal malpractice claim, as defendant failed to "meet the 'case within a case' requirement, demonstrating that 'but for' the attorney's conduct the [plaintiff] client would have prevailed in the underlying matter or would not have sustained any ascertainable damages" (*Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267, 272 [1st Dept 2004]; *see also Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]). Longmire failed to show that he would have established a prima facie case of race-based discrimination (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *see also McDonnell Douglas Corp. v Green*, 411 US 792, 802-804 [1973]).

First, Longmire failed to show that he was terminated, as he himself testified in the underlying suit that he voluntarily left his former employment. In addition, based on his own allegations in the complaint and his affidavit, if he was terminated at all, it was due to his refusal to testify on his employer's behalf in his employer's matrimonial proceedings, and it was not due to Longmire's race. Thus, Longmire would not have prevailed on such a claim had Warshaw pursued it in opposing summary judgment.

Warshaw's decision not to move for reconsideration of the decision dismissing the underlying federal lawsuit was a strategic choice, and does not amount to legal malpractice because "[a]n attorney's 'selection of one among several reasonable courses of action does not constitute malpractice' " (*Rodriguez v Lipsig, Shapey, Manus & Moverman, P.C.*, 81 AD3d 551, 552 [1st Dept 2011], quoting *Rosner v Paley*, 65 NY2d 736, 738 [1985]).

The motion court correctly rejected Longmire's submission of an expert affidavit on the issue of whether Warshaw acted negligently (*see Russo v Feder, Kaszovitz, Isaacson, Weber, Skala & Bass*, 301 AD2d 63, 69 [1st Dept 2002]).

The court properly considered the documents submitted pursuant to CPLR 3211 (a) (1) in concluding that they establish a defense to the malpractice counterclaim as a matter of law, as they show that Longmire would not have prevailed on any claim of race-based termination in the underlying federal suit (*Leon v Martinez*, 84 NY2d 83, 88 [1994]; *IMO Indus. v Anderson Kill & Olick*, 267 AD2d 10, 11 [1st Dept 1999]). Nor did the documents exceed the "scope" of documents that a court may review in ruling on a motion to dismiss, as "prior statements or averments of parties or their agents in the course of litigation that refute an essential element of a plaintiff's present claim may constitute documentary evidence within the meaning of CPLR 3211 (a) (1)" (*Morgenthow & Latham v Bank of N.Y. Co.*, 305 AD2d 74, 80 [1st Dept 2003], *lv denied* 100 NY2d 512 [2003]; *see also Biondi v Beekman Hill House Apt. Corp.*, 257 AD2d 76 [1999], *affd on other grounds* 94 NY2d 659 [2000]).

Finally, although Longmire contends that the motion should have been denied pursuant to CPLR 3211 (d) because, among other things, depositions had not yet been taken of Warshaw attorneys who handled the underlying suit, Longmire does not specify what facts warrant further discovery or how they are relevant to his opposition to the motion to dismiss his counterclaim. Concur—Tom, J.P., Andrias, Renwick and DeGrasse, JJ.