OPINION OF THE COURT
Michael C. Lynch, J.
In Swergold v Cuomo (99 AD3d 1141 [2012], lv denied 20 NY3d 859 [2013]), the Appellate Division modified this court’s decision and orders entered June 3, 2011 and September 27, 2011, and remitted the matter for this court to address two issues: (1) whether D’Agostino’s claim for an award of counsel fees may be considered timely on the basis of “excusable neglect”; and (2) to award Hoover a reasonable fee for services performed in preparing and defending the fee application. By letter order December 11, 2012, the court set up a briefing schedule with respect to the implementation of the Appellate Division decision (see exhibit A annexed to supp affirmation of James Roemer, Jr., Esq., dated Jan. 18, 2013).
In Swergold, the Appellate Division determined that the 14-day time limit imposed by Federal Rules of Civil Procedure rule 54 (d) (2) (B) (i) applied to D’Agostino’s fee application. Recognizing that D’Agostino’s application was untimely, the Appellate Division remitted the matter “for further development of the record and consideration” of whether the filing deadline could be extended upon a finding of “excusable neglect” under Federal Rules of Civil Procedure rule 6 (b) (1). This analysis “entails consideration of, among other things, the length of and reason for the delay, the potential impact upon judicial resources, prejudice to the opposing party and whether the party seeking the award of counsel fees acted in good faith” (Swergold at 1143-1144, citing Tancredi v Metropolitan Life Ins. Co., 378 F3d 220, 228 [2004], citing Pioneer Investment Services Co. v Brunswick Associates Ltd. Partnership, 507 US 380, 395 [1993]). The Appellate Division further likened the review to “a process akin to the analysis employed when considering an application for an extension of time under CPLR 2004” (id., citing Matter of Burkich, 12 AD3d 755, 756 [2004]).
To put this issue in context, it is first important to define the extent of the delay. Contrary to the argument set forth in respondents’ brief that D’Agostino’s claim was nine months late, the court has already determined that the D’Agostino judgment was finalized when his time to appeal expired on April 6, *700 2011 (see decision and order dated Sept. 8, 2011 at 4). At this point, the 14-day limit for filing a fee application was triggered. Since the fee motion was filed on June 4, 2011, the application was 31 days late.
On the issue of “excusable neglect,” D’Agostino essentially maintains the delay should be excused because there was no clear statutory or local rule defining a time limit on his fee application (compare Canfield v Van Atta Buick/GMC Truck, Inc., 127 F3d 248, 250-251 [2d Cir 1997], cert denied 522 US 1117 [1998]). This court concurs. While rule 54 (d) may impose a clear limit in a federal action, the difficulty here is that where a federal due process claim is brought in state court, state procedures ordinarily govern (see Brown v Western R. Co. of Ala., 338 US 294 [1949]). And yet, there is no corresponding state statute or local rule; nor is there a corresponding local rule in the Northern District. That the Appellate Division reversed this court’s application of a 30-day period, premised on an analogy to CPLR 8601 (b), validates D’Agostino’s point. As the Second Circuit recognized in Canfield, “neglect may be excusable where the language of a rule is ambiguous or susceptible to multiple interpretations, or where an apparent conflict exists between two rules” (at 250). Coupled with the fact that the delay here was minimal and without any discernible prejudice to respondents, the court hereby deems D’Agostino’s fee application timely on the basis of “excusable neglect.”
As for petitioners’ request to include an award for services “administratively banked” in Swergold, to use petitioners’ phrase, in the awards to D’Agostino and Hoover, this court has already rejected the theory that work banked in Swergold could be charged in Hoover (see decision and order, dated Sept. 8, 2011 at 4-5). This is all the more so given the Appellate Division’s determination that Swergold does not qualify as a “prevailing party” under 42 USC § 1988 (b) and is thus not entitled to an award of attorney fees. As such, the court declines petitioners’ request.
As for the amount of the fee in both D’Agostino and Hoover, the Appellate Division has clearly instructed that the award “should include a reasonable fee for services performed in preparing and defending the fee application” (see Swergold at 1145).[1]
*701 Here, petitioners seek an award in the amount of $62,366.52 for work on the fee application in both this court and the Appellate Division, as outlined in exhibit B. For work on the current application, petitioners seek an additional award of $6,365, as outlined in exhibit C. Respondents maintain this amount should be reduced pro rata since the work was also performed on behalf of Swergold. While it is true that both the underlying fee application and fee appeal involved all three parties, Swergold, D’Agostino and Hoover, the threshold question of timeliness implicated both Swergold and D’Agostino. As such, it is difficult if not impossible to parse the services performed on this issue between the parties. Moreover, the court recognizes that the fee claim far exceeds the amount awarded to Hoover for work at the trial level, as well as the amount requested by D’Agostino for work at the trial level. This application, however, had to be addressed anew at the trial level (see decision and order [Lynch, J.] dated May 2, 2011, n 1) and includes service performed on the appeal, and this remittal. As such, the court declines respondents’ request for a reduction.
For work on the D’Agostino case at the trial level for the period September 2, 2008 to August 2009, D’Agostino seeks an award of fees and expenses totaling $37,221, as outlined in exhibit E. Consistent with this court’s May 2, 2011 decision and order in Hoover, D’Agostino does not seek a fee for services attendant his appeal from the August 20, 2009 decision and order (Connolly, J.). Since the court granted D’Agostino’s petition and vacated the Comptroller’s determination terminating his pension benefits and membership, the court declines respondents’ request to reduce the award.
For each component of the fee request, the rates charged are consistent with the rates already approved by this court on the Hoover application; and the rate of $250 per hour charged by Attorney Roemer is also reasonable. Accordingly, the court hereby awards the petitioners D’Agostino and Hoover the sum of $68,731.52 for the services as set forth in exhibits B and C; and further awards D’Agostino the sum of $36,898 for the services and expenses as set forth in exhibit E.[2] Interest is to be computed from the date of this decision and order in accord *702 with CPLR 5002 (see Matter of Quill v Cathedral Corp., 241 AD2d 593, 595-596 [1997], lv denied 90 NY2d 812 [1997]).

. The court declines respondents’ request that the court reconsider the underlying fee award in Hoover.

. The court reduced the full request of $37,221 by the sum of $323 for the December 5, 2008 entry identified as “Research judicial appointment for J. Roemer” (see respondents’ mem of law at 16 n 8). Remarkably, petitioners fail to explain this entry in their reply brief.