RICHARD SITOMER, Appellant-Respondent, v GOLDWEBER EPSTEIN, LLP, et al., Respondents-Appellants. [34 NYS3d 8]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered August 17, 2015, which granted defendants' motion to dismiss the complaint to the extent of dismissing five of plaintiff's six legal malpractice allegations, and otherwise denied the motion, and denied plaintiff's request for a stay of the motion pending further discovery, unanimously modified, on the law, to dismiss the complaint in its entirety, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

This malpractice action arises from defendants' representation of plaintiff in a contentious divorce proceeding, and focuses primarily on the matrimonial court's purported improper valuation of plaintiff's interests in two marital assets: Blue Star

Jets LLC (Blue Star) and International Star Investments Limited (ISI Ltd.). Plaintiff contends that, but for the negligence and malpractice of defendants, the court's valuation of his interest in Blue Star and ISI Ltd. would have been lower, and that he would have had to pay his ex-wife a lower distributive award.

Plaintiff failed to state a malpractice claim regarding defendants' failure to present independent expert testimony to rebut the court-appointed expert's valuation report regarding Blue Star, because the record shows that defendants' decision not to call such a witness was a strategic and reasonable one (*Pouncy v Solotaroff*, 100 AD3d 410, 410 [1st Dept 2012], *lv denied* 21 NY3d 857 [2013]). Plaintiff also has not alleged adequately that this decision was the proximate cause of his damages (*Bender Burrows & Rosenthal, LLP v Simon*, 65 AD3d 499, 499 [1st Dept 2009]).

Plaintiff failed to state a malpractice claim with respect to defendants' failure to move for a reappraisal or revaluation of Blue Star and ISI Ltd., since plaintiff failed to allege adequately that such a motion would have been successful (*id.*), particularly given the matrimonial court's discretion in determining valuation issues (*see McSparron v McSparron*, 87 NY2d 275, 287 [1995]).

Plaintiff failed to state a cause of action based on defendants' failure to move to reargue or reconsider the divorce judgment, since the decision of whether to make such a motion is a strategic one and plaintiff has not alleged adequately that such a motion would have been successful (*Warshaw Burstein Cohen Schlesinger & Kuh, LLP v Longmire*, 106 AD3d 536, 536 [1st Dept 2013], *lv dismissed* 21 NY3d 1059 [2013]).

The motion court correctly dismissed plaintiff's allegation that defendants failed to appeal from the divorce judgment, because the record shows that defendants informed plaintiff of his right to appeal, but that he chose not to do so in light of the cost and his minimal chance of success (*Rodriguez v Fredericks*, 213 AD2d 176, 177-178 [1st Dept 1995], *lv denied* 85 NY2d 812 [1995]).

The motion court should have dismissed the allegations regarding defendants' failure to present "appropriate evidence" at trial to establish the correct value of plaintiff's interest in ISI Ltd. The record does not support plaintiff's allegation that defendants possessed this documentation but failed to submit it to the matrimonial court. In any event, the admission of this documentation would not have altered the matrimonial court's calculations and distributive award.

The motion court providently exercised its discretion in denying plaintiff's request for further discovery, since he failed to specify how additional discovery would enable him to state a sufficient claim with respect to the dismissed allegations (see CPLR 3211 [d]; *Putter v North Shore Univ. Hosp.*, 7 NY3d 548, 554 [2006]). Concur—Friedman, J.P., Renwick, Moskowitz, Richter and Kapnick, JJ.