*Sorenson v. Wolfson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand seventeen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> ROSEMARY S. POOLER,
> GERARD E. LYNCH,
> *Circuit Judges*.

_____

Sigurd A. Sorenson,

> *Plaintiff-Counter-Defendant-Appellee*,

v.                                                                          16-1224

Stanley Wolfson,

> *Defendant-Counter-Claimant-Appellant,*

Robert Friedman, Bernard Friedman, Penmark Realty Corporation, 257/117 Realty LLC,

> *Defendants-Counter-Claimants*.

_____

For Plaintiff-Counter-Defendant-Appellee:        Sigurd A. Sorenson, pro se, Edgewater, NJ.

For Defendant-Counter-Claimant-Appellant:        Jacques X. Catafago, Catafago Fini LLP, New York, NY; Lawrence F. Morrison, Morrison Tenenbaum PLLC, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Koeltl, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Stanley Wolfson appeals from the district court's denial of his motions for sanctions against Sigurd Sorenson under Federal Rule of Civil Procedure 11, 17 U.S.C. § 505, 28 U.S.C § 1927, and the district court's inherent powers. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.      Rule 11 Sanctions

"A pleading, motion or other paper violates Rule 11 either when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002) (internal quotation marks omitted). For example, Rule 11 is violated "where it is patently clear that a claim has absolutely no chance of success under the existing precedents." *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985), *superseded on other grounds by rule*. Even when Rule 11 is violated, "sanctions under Rule 11 are discretionary, not mandatory." *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012). Thus, we review the district court's denial of a motion for sanctions under Rule 11 for abuse of discretion. *Perez v. Posse Comitatus*, 373 F.3d 321, 326 (2d Cir. 2004). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal

quotation marks, citation, and brackets omitted).

The district court did not abuse its discretion by denying Rule 11 sanctions. We have held that "[s]anctions are not to be imposed for unsuccessful litigation of a cognizable claim." *O.N.E. Shipping Ltd. v. Flota Mercante Grancolombiana, S.A.*, 830 F.2d 449, 454 (2d Cir. 1987). Here, the district court determined that Sorenson's motion for reconsideration was meritless but not objectively unreasonable. In so concluding, the district court considered, among other things, the lengthy response that Wolfson felt the motion warranted. Given our policy of restraint when awarding sanctions, it cannot be said that the district court abused its broad discretion by denying Wolfson's Rule 11 motion on these grounds. *See MacDraw Inc., v. CIT Group Equipment Fin., Inc.*, 73 F.3d 1253, 1259 (2d Cir. 1996) ("Rule 11 sanctions must be imposed with caution.").

The district court also denied Sorenson's Rule 11 request for an anti-suit injunction. When considering whether to issue an anti-suit injunction, a court should consider:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). Anti-suit injunctions are typically used in cases where the movant has egregiously "abused the judicial process." *See, e.g., Moates v. Rademacher*, 86 F.3d 13, 15 (2d Cir. 1996) (describing twelve complaints based on the same events).

Wolfson argues that the district court abused its discretion because it did not consider any of the *Safir* factors. Although the district court did not explicitly consider these factors, it did

3

consider whether Sorenson's had exhibited "the type of abuse of the judicial process" seen in other cases as "ris[ing] to the level of harassment that has triggered anti-suit injunctions." S. App. 7. Sorenson has filed three suits, two state court cases and this case. While there was extensive motion practice in this case, both parties were responsible for it. And as the district court noted, Wolfson himself filed three separate motions seeking attorney's fees. The district court did not abuse its discretion by denying the requested anti-suit injunction in these circumstances.

## II.    Attorney's Fees under 17 U.S.C. § 505

Federal Rule of Civil Procedure 54(d)(2) requires that a motion for attorney's fees must be filed within 14 days of the judgment and include "the amount [of fees] sought or . . . a fair estimate." Fed. R. Civ. P. 54(d)(2)(B)(iii). While a court may extend the time to file a motion for fees, it may only do so if the movant demonstrates "excusable neglect." *Tancredi v. Met. Life, Ins. Co.*, 378 F.3d 220, 227–28 (2d Cir. 2004); *see also* Fed R. Civ. P. 6(b)(1)(B). Excusable neglect is determined by considering "[1][t]he danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith." *Tancredi*, 378 F.3d at 228 (alterations in original).

Wolfson did not provide an estimate of his fees in his initial § 505 motion. After Sorenson pointed this out in his opposition, Wolfson provided an estimate in his reply brief, filed more than 14 days after the judgment. Wolfson did not offer any reason at that time for this delay, a fact independently sufficient to justify denial the requested extension. *See Tancredi*, 378 F.3d at 228 ("Absent a sufficient reason for its delay, the fact that the delay and prejudice were minimal would not excuse [the movant's] mere inadvertence."). For the first time on appeal, Wolfson now argues that his estimate should be considered timely due to the complexity of the litigation, citing *Dolby*

4

*Labs., Inc. v. Lucent Techs.*, No. C 01-20709 JF, 2006 WL 1320475 (N.D. Cal. May 15, 2006). *Dolby* is not controlling authority, and, in any event, does not apply here. In *Dolby*, the district court did not require the moving party in a patent case to file an estimate of fees sought because the "length and complexity of the instant litigation would have made it difficult for [the movant] to provide [such] an estimate." *Id.* at \*5. Here, the litigation was not nearly as complex, and Wolfson *did* provide an estimate of attorney's fees—that estimate was just untimely. Because Wolfson did not adequately explain this delay, the district court properly denied attorney's fees under 17 U.S.C. § 505 for procedural error.

### III.     Attorney's Fees under 28 U.S.C. § 1927 and the Court's Inherent Powers

Under 28 U.S.C. § 1927, the district court may impose sanctions on an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." An award of sanctions under this provision requires a showing that an "attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *In re 60 East 80th Street Equities, Inc.*, 218 F.3d 109, 115 (2d Cir. 2000). Furthermore, we have held that such sanctions may only be imposed "when there is a finding of conduct constituting or akin to bad faith." *Id.* The same standards apply to the issuance of sanctions pursuant to the court's inherent powers. *See Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986). We review decisions regarding sanctions under § 1927 for abuse of discretion. *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009).

The district court did not abuse its discretion by denying sanctions under § 1927 and the court's inherent powers. Although Sorenson's arguments for reconsideration were meritless, mere lack of merit does not warrant the imposition of sanctions. *See MacDraw*, 73 F.3d at 1262 (vacating § 1927 sanctions where district court failed to make any findings of specific bad faith).

5

Wolfson argues that Sorenson acted with bad faith because he withdrew claims immediately prior to and during trial and submitted a witness's affidavits when the evidence at trial contradicted the affidavits. But the district court considered these arguments when it considered whether Sorenson's actions constituted bad faith. We have affirmed determinations of bad faith where the actions of counsel were egregious or dilatory. *See Sassower v. Field*, 973 F.2d 75, 78, 81 (2d Cir. 1992) (counsel made personal attacks, moved for reconsideration on virtually every unfavorable ruling, filed and withdrew two improper interlocutory appeals, and filed a motion "seek[ing] to reargue vritually every aspect of the litigation for the third time"). The district court reasonably concluded that Sorenson's conduct did not reach that level. The withdrawal of one claim on the second day of trial, although inconvenient, was not dilatory; the withdrawn claim survived extensive motion practice. *Cf. Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 146-47 (2d Cir. 2012) (affirming sanctions for voluntarily withdrawn frivolous appeals filed in bad faith with dilatory motive).

Wolfson also argues that the district court abused its discretion when it considered his own conduct in the litigation, namely his refusal of Sorenson's settlement offer, because it misconstrued the reasons for Wolfson's refusal. District courts are entitled to examine all "surrounding circumstances" when making a determination of bad faith. *See Oliveri*, 803 F.2d at 1277. The district court considered Wolfson's argument for refusing to settle—that he had already expended substantial fees—and found it inconsistent with Wolfson's subsequent conduct. The district court also observed that Wolfson, too, had pursued meritless counterclaims and had raised meritless claims in his motions for attorney's fees. In light of all the circumstances, the district court's denial of sanctions based in part on Wolfson's own conduct did not constitute an abuse of discretion.

6

We have considered all of Wolfson's remaining arguments and find them to be without

merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk