■ SMITH, GAMBRELL & RUSSELL, LLP, Respondent, v TELE-COMMUNICATIONS SYSTEMS, INC., Appellant. [63 NYS3d 384]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered May 8, 2017, which granted plaintiff's motion to dismiss the counterclaim, unanimously affirmed, without costs.

Defendant alleges that plaintiff committed legal malpractice by failing to file a timely motion for attorneys' fees in a federal patent proceeding in which it represented defendant. Defendant relies on Federal Rules of Civil Procedure rule 54 (d) (2) (B), which sets the deadline at 14 days after entry of a judgment in the proceeding. It alleges that 16 months after the deadline, and following extensive posttrial proceedings, plaintiff moved for attorneys' fees as a sanction. As the motion court found, federal case law holds that a motion for attorneys' fees is timely under rule 54 (d) (2) (B) when filed 14 days after the entry of judgment or within 14 days of the resolution of postjudgment motions (*see e.g. Sorenson v Wolfson*, 170 F Supp 3d 622, 628 [SD NY 2016], *affd* 683 Fed Appx 33 [2d Cir 2017]). Thus, the court correctly dismissed the counterclaim for failure to state a cause of action for legal malpractice predicated on the missed deadline.

On appeal, defendant argues that plaintiff's filing of a sanctions motion, instead of a motion for attorneys' fees as the prevailing party pursuant to 35 USC § 285, constitutes malpractice. We may entertain this new legal argument because it appears on the face of the record, involves no new facts, and is determinative (*Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp.*, 65 AD3d 405, 408 [1st Dept 2009]). However, the argument does not avail defendant.

The record shows that plaintiff had contemplated filing a motion pursuant to 35 USC § 285 and decided against it. The statute provides that the court may award attorneys' fees to the prevailing party "in exceptional cases" (*see Octane Fitness,*

*LLC v Icon Health & Fitness, Inc.*, 572 US —, —, 134 S Ct 1749, 1756 [2014]). Plaintiff advised defendant that it would be a "stretch" to argue prevailing party under section 285. Thus, defendant's theory that plaintiff breached a duty of care to it by choosing to apply for attorneys' fees via a sanctions motion instead of a motion under section 285 amounts to no more than an allegation that plaintiff made an error in judgment, which does not state a cause of action for malpractice (*see Rosner v Paley*, 65 NY2d 736, 738 [1985]; *Sitomer v Goldweber Epstein, LLP*, 139 AD3d 642 [1st Dept 2016], *lv denied* 28 NY3d 906 [2016]).

Moreover, defendant failed to allege that the choice of a sanctions motion rather than a motion under section 285 was a proximate cause of its claimed injury, since there are no allegations in the counterclaim that would establish that the patent proceeding was an exceptional case warranting attorneys' fees (*see Octane Fitness*, 572 US at —, 134 S Ct at 1756).

We have considered defendant's remaining arguments and find them unavailing. Concur—Richter, J.P., Mazzarelli, Kahn and Moulton, JJ. 