Harris v Barbera (2018 NY Slip Op 05023)





Harris v Barbera


2018 NY Slip Op 05023


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2015-11224
 (Index No. 19494/10)

[*1]Nina Harris, appellant, 
v
Janine A. Barbera, etc., et al., respondents.


Daniel R. Seidel, P.C., White Plains, NY, for appellant.
Catalano Gallardo & Petropoulos, LLP, Jericho, NY (Gary Petropoulos and Christopher T. Rogers of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Anthony L. Parga, J.), dated September 16, 2015. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The defendants represented the plaintiff in an action for a divorce and ancillary relief which, after a trial, culminated in a judgment of divorce. Subsequently, the plaintiff commenced this action against the defendants alleging, inter alia, legal malpractice, asserting that, in the divorce action, the defendants failed to introduce sufficient evidence of her spouse's dissipation of marital assets and of his egregious conduct during the marriage. In December 2010, the Supreme Court granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated June 20, 2012, this Court reinstated the legal malpractice cause of action (see Harris v Barbera, 96 AD3d 904). After discovery, the defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. The plaintiff appeals.
Initially, contrary to the plaintiff's contention, this Court's order on the prior appeal with respect to the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint does not preclude the present motion pursuant to CPLR 3212 for summary judgment dismissing the complaint (see Bernard v Grenci, 48 AD3d 722, 724; see also Beach v Touradji Capital Mgt., LP, 128 AD3d 501, 502).
A plaintiff in an action alleging legal malpractice must prove that the defendant attorney's failure to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession proximately caused the plaintiff to suffer damages (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442; Ragunandan v Donado, 150 AD3d 1289, 1290). "The standard to which the defendant's conduct is to be compared is not that of the most highly skilled attorney, nor is it that of the average member of the legal profession, but that of an attorney who is competent and qualified" (Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 846). To establish proximate causation, the plaintiff must show that she would have prevailed in the underlying action or would not have incurred any damages, but for the defendant attorney's [*2]negligence (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 442; Kluczka v Lecci, 63 AD3d 796, 797; Wray v Mallilo & Grossman, 54 AD3d 328, 329).
It is well settled that in order to be entitled to summary judgment, the movant "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853). "It is a defendant's burden, when it is the party moving for summary judgment, to demonstrate affirmatively the merits of a defense, which cannot be sustained by pointing out gaps in the plaintiff's proof" (Quantum Corporate Funding, Ltd. v Ellis, 126 AD3d 866, 871; see Bivona v Danna & Assoc., P.C., 123 AD3d 959, 960; Kempf v Magida, 116 AD3d 736, 737; Gamer v Ross, 49 AD3d 598, 600). Once a defendant makes a prima facie showing, the burden shifts to the plaintiff to raise a triable issue of fact (see Valley Ventures, LLC v Joseph J. Haspel, PLLC, 102 AD3d 955, 956; Schadoff v Russ, 278 AD2d 222, 223).
Here, the defendants met their burden by establishing, prima facie, that they did not fail to exercise the requisite skill and knowledge in their representation of the plaintiff (see Smith, Gambrell & Russell, LLP v Telecommunications Sys., Inc., 155 AD3d 457). The defendants also established, prima facie, that, in any event, their alleged negligence did not proximately cause the plaintiff's alleged damages. In opposition, the plaintiff failed to raise a triable issue of fact (see Richmond Holdings, LLC v David S. Frankel, P.C., 150 AD3d 1168, 1168). Accordingly, the defendants' motion for summary judgment dismissing the complaint was properly granted.
LEVENTHAL, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court