Gorman v Gorman (2020 NY Slip Op 06053)





Gorman v Gorman


2020 NY Slip Op 06053


Decided on October 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 27, 2020

Before: Gische, J.P., Oing, Scarpulla, Mendez, JJ. 


Index No. 312525/10 Appeal No. 12204 Case No. 2019-3095(1) 

[*1]Robyn Gorman, Plaintiff-Appellant,
v
Albert Gorman, Defendant-Respondent.


The Law Office of Mark I. Plaine, P.C., Forest Hills (Mark I. Plaine of counsel), for appellant.
Advocate, LLP, New York (Jason Advocate of counsel), for respondent.



Judgment of divorce, Supreme Court, New York County (Laura E. Drager, J.), entered March 11, 2019, which, to the extent appealed from as limited by the briefs, distributed the value of the parties' marital residence 55% to defendant husband and 45% to plaintiff wife, distributed Morgan Stanley accounts ending in -4708 and -9877 70% to the husband and 30% to the wife, determined the marital portion of the husband's Morgan Stanley Smith Barney IRA account ending in -0152, declined to distribute the husband's limited partnership interests, determined the husband's maintenance obligation, and awarded the wife a total counsel fee award of $300,000, unanimously modified, on the facts, to the extent of remanding the matter for calculation of the wife's distributive share of the Morgan Stanley account ending in -4708 as of the date of trial value and entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs.
The court providently exercised its discretion in awarding the husband 55% of the net sale proceeds of the parties' marital residence in light of the substantial contribution he made to the purchase of the apartment from his separate property, even if a separate property credit was not warranted (see Klauer v Abeliovich, 149 AD3d 617, 622 [1st Dept 2017]). Similarly, there is no reason to disturb the court's determination that the Morgan Stanley accounts ending in -4708 and -9877 should be distributed 70% to the husband and 30% to the wife based on the evidence indicating that these accounts were largely funded by the husband's separate property.
We do, however, find that the court directed that the account ending in -4708 be distributed as of its value at date of trial, not date of commencement as reflected in the judgment of divorce, and therefore remand the matter to be recalculated accordingly.
The court properly determined the marital portion of the husband's Morgan Stanley Smith Barney IRA account ending in -0152, which he opened prior to the marriage, based on one $2,000 deposit into the account during the first year of the parties' marriage.
Contrary to the wife's contention, there is no evidence that the husband could assign his minority interest in various limited partnerships acquired during the marriage to the wife, and given that the wife waived valuation of these interests, the court did not have a basis to make an in-kind distribution (see Nacos v Nacos, 168 AD3d 413, 413-414 [1st Dept 2019]).
Regarding the award of $2,000 per month in durational maintenance, we find that the amount and duration were within the court's discretion. The court properly imputed income of $151,500 to the wife based on rental income from her separate property and investment income from her equitable distribution award, after assuming she uses part of that award to purchase an apartment. There is no basis to disturb the court's credibility determination that, contrary to the wife's position at trial, she also has access to over $500,000 in trust assets that are her separate property. Accordingly, we decline to disturb the court's maintenance award.
In awarding the wife a total counsel fee award of $300,000, the court properly took into account "the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions" (see DeCabrera v Cabrera-Rosete, 70 NY2d 879,881 [1987]). Notably, the record supports the court's finding that the wife had many different attorneys since this action was commenced in 2010, which unnecessarily prolonged the litigation, and she also engaged in meritless motion practice that drove up the parties' counsel fees.
We have considered the wife's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2020