Olsen v Smith (2020 NY Slip Op 06214)





Olsen v Smith


2020 NY Slip Op 06214


Decided on October 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

Before: Renwick, J.P., Gesmer, Kern, Singh, JJ. 


Index No. 100164/18 Appeal No. 12235 Case No. 2019-2637 

[*1]Ayelet Olsen, Plaintiff-Appellant,
v
David S. Smith, et al., Defendants-Respondents.


Ayelet Olsen, appellant pro se.
Abrams Garfinkel Margolis & Bergson, LLP, New York (Andrew W. Gefell of counsel), for respondents.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered February 27, 2019, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
In this action for legal malpractice, plaintiff alleges that defendants' mishandling of her defense in a Family Court proceeding brought against her by nonparty John Doe resulted in her settling a separate civil action and other disputes with Doe on unfavorable terms. The court correctly determined that the complaint is devoid of allegations from which it could be inferred that any negligence by defendants in their handling of the family court proceeding was the "but for" causation of any damages (see Dweck Law Firm v Mann, 283 AD2d 292, 293 [1st Dept 2001]; see also Phillips-Smith Specialty Retail Group II v Parker Chapin Flattau & Klimpl, 265 AD2d 208, 210 [1st Dept 1999], lv denied 94 NY2d 759 [2000]). Moreover, many of the factual allegations in the complaint, including those concerning the adjournment of a preliminary conference and defendants' alleged wrongful withdrawal from representation, are flatly contradicted by documentary evidence in the record and therefore are not entitled to be considered as true (see Beattie v Brown & Wood, 243 AD2d 395 [1st Dept 1997]).
Plaintiff's breach of fiduciary duty and breach of contract claims were properly dismissed as duplicative of the legal malpractice claim (see Courtney v McDonald, 176 AD3d 645, 646 [1st Dept 2019]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2020