Garr Silpe, P.C. v Gorman (2021 NY Slip Op 01944)





Garr Silpe, P.C. v Gorman


2021 NY Slip Op 01944


Decided on March 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 30, 2021

Before: Gische, J.P., Singh, Scarpulla, Mendez, JJ. 


Index No. 650247/17 Appeal No. 13468-13468A Case No. 2019-03606 2020-02593 

[*1]Garr Silpe, P.C., Plaintiff-Respondent,
v
Robyn Gorman, Defendant-Appellant.


Tarter Krinsky & Drogin LLP, New York (Richard C. Schoenstein of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York (Catherine M. Ryan of counsel), for respondent.



Order, Supreme Court, New York County (Kathryn E. Freed), entered July 29, 2019, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to dismiss the counterclaims for legal malpractice and breach of contract, and denied defendant's motion to file a second amended answer with counterclaims, unanimously affirmed, with costs. Order, same court and Justice, entered on or about May 20, 2020, which, to the extent appealed from as limited by the briefs, denied defendant's motion for leave to file a third amended answer with counterclaims, unanimously affirmed, with costs.
Plaintiff was hired mid-trial, after defendant had been represented by eight prior law firms, and at times represented herself. Defendant's conclusory allegations that plaintiff law firm failed to prepare for trial and gather evidence in her matrimonial action do not state a cause of action for legal malpractice (see Barbara King Family Trust v Voluto Ventures LLC, 46 AD3d 423, 424 [1st Dept 2007]; see generally Rosner v Paley, 65 NY2d 736, 738 [1985] [attorney's "selection of one of among several reasonable courses of action does not constitute malpractice"]). Defendant's retrospective complaints about plaintiff's recommendations and trial are an insufficient basis to show that plaintiff's decisions are actionable (Rodriguez v Fredericks, 213 AD2d 176, 178 [1st Dept 1995], lv denied 85 NY2d 812 [1995]). Nor does defendant allege facts that would establish that, but for plaintiff's negligence, she would have obtained a more favorable result (Robson & Miller, LLP v Sakow, 121 AD3d 562, 563-564 [1st Dept 2014]). We note that we largely affirmed on appeal the trial court's disposition (Gorman v Gorman, 187 AD3d 636 [1st Dept 2020]). Further, the breach of contract counterclaim is duplicative of the malpractice counterclaim.
The court properly denied defendant's motions for leave to amend because the defects in the original pleading were not cured by either of the proposed amendments (Meimeteas v Carter Ledyard & Milburn LLP, 105 AD3d 643 [1st Dept 2013]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2021