Roedelbronn v Borstein & Sheinbaum LLC (2023 NY Slip Op 05670)

Roedelbronn v Borstein & Sheinbaum LLC

2023 NY Slip Op 05670

Decided on November 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 09, 2023

Before: Webber, J.P., Friedman, González, Kennedy, O'Neill Levy, JJ. 

Index No. 158045/20 Appeal No. 975 Case No. 2022-02717 

[*1]Teresa Roedelbronn, Plaintiff-Appellant,
v
Borstein & Sheinbaum LLC, et al., Defendants-Respondents.

Richard S. Bonfiglio, Staten Island, for appellant.
Borstein Turkel P.C., New York (Avram S. Turkel of counsel), for respondents.

Order, Supreme Court, New York County (William Perry, J.), entered May 5, 2022, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the amended complaint for legal malpractice, unanimously affirmed, without costs.
Plaintiff's contention that the continuous representation doctrine tolled the statute of limitations has merit given that the attorneys who represented plaintiff in the divorce proceeding when the alleged malpractice occurred, continued to represent plaintiff in the same proceeding, "albeit while at different law firms" (Boesky v Levine, 193 AD3d 403, 405 [1st Dept 2021]). Nevertheless, plaintiff's argument with respect to her malpractice claim is unavailing.
On appeal, plaintiff limits her claim to the value and percentage award of the Agrifos business assets based upon the alleged malpractice of Borstein & Sheinbaum at the 2015 hearing, i.e., that the Special Referee and Supreme Court ignored the justifications for the 40% award in two other assets by awarding her only 10% of the value of Agrifos, her former husband's fertilizer business. However, this Court previously affirmed the 10% award of the Agrifos assets, applying the well-settled rule that marital assets do not have to be divided equally (Cotton v Roedelbronn, 170 AD3d, 595, 595-596 [1st Dept 2019], citing Arvantides v Arvantides, 64 NY2d 1033, 1034 [1985]). Plaintiff's attempt to relitigate this issue is unavailing and the conclusory allegations do not adequately state a claim for malpractice (see Garr Silpe, P.C. v Gorman, 192 AD3d 633 [1st Dept 2021]; Olsen v Smith, 187 AD3d 675, 675 [1st Dept 2020]; Sitomer v Goldweber Epstein, LLP, 139 AD3d 642, 643 [1st Dept 2016], lv denied 28 NY3d 908 [2016]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2023