Matter of Autumn View Health Care Facility, LLC v Zucker (2024 NY Slip Op 01224)

Matter of Autumn View Health Care Facility, LLC v Zucker

2024 NY Slip Op 01224

Decided on March 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 7, 2024

CV-22-2287
[*1]In the Matter of Autumn View Health Care Facility, LLC, et al., Appellants,
v
Howard Zucker, as Commissioner of Health, Respondent.

Calendar Date:January 17, 2024

Before:Aarons, J.P., Pritzker, Lynch, Fisher and Mackey, JJ.

Harter Secrest & Emery LLP, Rochester (F. Paul Greene of counsel), for appellants.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondent.

Fisher, J.
Appeal from an order of the Supreme Court (Kimberly A. O'Connor, J.), entered October 12, 2022 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and plenary action, denied petitioners' motion for counsel fees.
Petitioners, residential health care facilities each operating a nursing home within New York, brought an action challenging the legality and constitutionality of certain actions taken by the Department of Health (hereinafter DOH) and respondent, the Commissioner of Health, in relation to case mix index (hereinafter CMI) adjustments to the Medicaid reimbursement rates of long-term care providers. Relevantly, petitioners asserted causes of action based on violations of the State Administrative Procedure Act (hereinafter SAPA) and of their due process rights under the State and Federal Constitutions and 42 USC § 1983. Following joinder of issue, respondent moved for summary judgment, which petitioners opposed. In March 2021,[FN1] Supreme Court issued an order and decision/judgment denying respondent's motion for summary judgment and granting the petition based on a violation of SAPA — without reaching petitioners' causes of action relating to violations of their due process rights under section 1983 — and denied the remaining arguments in the petition as moot and/or academic (hereinafter the March 2021 judgment). Subsequently, in March 2022, petitioners moved for counsel fees under 42 USC § 1988, which was opposed as untimely by respondent, and denied by Supreme Court. Petitioners appeal.
We affirm. Pursuant to 42 USC § 1988 (b), "in any action or proceeding to enforce a provision of section 1983, 'the court, in its discretion, may allow the prevailing party . . . reasonable attorney's fees as part of the costs' " (Matter of Giaquinto v Commissioner of N.Y. State Dept. of Health, 11 NY3d 179, 186 [2008] [brackets omitted], quoting 42 US § 1988 [b]). Such "attorney's fees are available under section 1988 where relief is sought on both State and Federal grounds, but nevertheless awarded on State grounds only" (Matter of Thomasel v Perales, 78 NY2d 561, 568 [1991]).[FN2] In seeking such fees, "[a]s 42 USC § 1988 contains no time limitation governing the filing of an application for counsel fees and related expenses, federal courts look to Federal Rules of Civil Procedure rule 54 (d) (2) (B) (i), which provides that such application generally must be filed no later than 14 days after the entry of judgment" (Swergold v Cuomo, 99 AD3d 1141, 1143 [3d Dept 2012] [internal quotation marks omitted], lvs denied 20 NY3d 858 [2013], 20 NY3d 859 [2013]; see Smith, Gambrell & Russell, LLP v Telecommunications Sys., Inc., 155 AD3d 457, 457 [1st Dept 2017]). However, an application beyond such time limit is not fatally flawed, as the harshness of the 14-day limit has been ameliorated by extending its application until the final resolution of posttrial motions (see Weyant v Okst, 198 F3d 311, 314-315 [2d Cir 1999]; Smith, Gambrell & Russell[*2], LLP v Telecommunications Sys., Inc., 155 AD3d at 457), or upon the finding of "excusable neglect" in bringing such application (Swergold v Cuomo, 99 AD3d at 1143 [internal quotation marks and citation omitted]; see Tancredi v Metropolitan Life Ins. Co., 378 F3d 220, 228 [2d Cir 2004]). In evaluating whether there is excusable neglect warranting an extension of the time to seek an award of counsel fees, courts consider factors including, among other things, "the length of and reason for the delay, the potential impact upon judicial resources, prejudice to the opposing party and whether the party seeking the award of counsel fees acted in good faith" (Swergold v Cuomo, 99 AD3d at 1144, citing Tancredi v Metropolitan Life Ins. Co., 378 F3d at 228; see Fed Rules Civ Pro rule 6 [b] [1]).
Here, we see no reason to deviate from the approach articulated by this Court in Swergold v Cuomo (99 AD3d at 1144), and also turn to the Federal Rules of Civil Procedure for guidance — as other state courts have similarly done (see Smith, Gambrell & Russell, LLP v Telecommunications Sys., Inc., 155 AD3d at 457; Matter of D'Agostino v DiNapoli, 40 Misc 3d 698, 700 [Sup Ct, Albany County 2013, Lynch, J.]; Matter of Alfonso v Fernandez, 167 Misc 2d 793, 795-796 [Sup Ct, Richmond County 1995, Cusick, J.]). In doing so, we agree with Supreme Court that petitioners' motion for counsel fees was untimely as it was filed more than 14 days after the entry of judgment (see Swergold v Cuomo, 99 AD3d at 1143; see also CPLR 2220; 22 NYCRR 202.5-b [h]). To that end, we reject petitioners' contentions that the March 2021 judgment was nonfinal and did not resolve the issue of counsel fees. In its detailed decision, Supreme Court granted certain relief to petitioners under SAPA and further adjudged "that the remaining arguments in the petition[ ] . . . are denied as moot and/or have been rendered academic by this determination." Having prevailed on the merits, no argument has been made that petitioners were precluded from thereafter seeking an award of counsel fees upon a timely application. Rather, the relevant challenge raised was that petitioners' fee application was untimely and that there were no grounds to excuse such delay.
Thus, turning to whether there are grounds to extend the time to file such application, we find none. Despite petitioners' allegations that respondent's "unprecedented and indecipherable" actions resulted in "uncertainty as to the finality" of the March 2021 judgment, including the possible necessity of a contempt motion, the record does not reveal that they made such application — or any postjudgment motion — until their fee application (see Weyant v Okst, 198 F3d at 314-315; Smith, Gambrell & Russell, LLP v Telecommunications Sys., Inc., 155 AD3d at 457). To this point, when petitioners filed their application for counsel fees, the exhibit consisting of the time spent and fee details of its counsel notably failed to indicate any time billed after the March [*3]2021 judgment was issued. Part of petitioners' justification for this was because there were ongoing postjudgment developments and they did not want to file multiple "fees-on-fees" applications after each hurdle — a practice which is not prohibited in the context of a section 1988 application (see Hines v City of Albany, 862 F3d 215, 223 [2d Cir 2017]).
The other part of petitioners' justification for not adding any time spent on their fee application after the March 2021 judgment reaches to the issue of excusable neglect, where petitioners contend that ongoing settlement negotiations, a potential motion for contempt and a second proceeding warranted an extension of time to file their application for fees. We disagree. Petitioners contend one reason for delaying their fee application was that it would be "counterproductive" during settlement negotiations with respondent — a point that has been rejected by federal courts as being merely a strategy choice within their control and not a valid explanation for neglecting to comply with procedural rules (see Marchisotto v City of New York, 2009 WL 2229695, *5, 2009 US Dist LEXIS 64662, *12 [SD NY, July 27, 2009, No. 05 Civ 2699 (RLE)]; see also Katalyst Sec., LLC v Marker Therapeutics, Inc., 2023 WL 22610, *3, 2023 US Dist LEXIS 413, *9 [SD NY, Jan. 3, 2023, No. 21-cv-08005-LTS]; Mahmud v Kaufmann, 2010 WL 2079556, *4, 2010 US Dist LEXIS 51075, *12-13 [SD NY, Apr. 15, 2010, No. 05 Civ 08090 (DAB) (JLC]). Their other reason for the delay was due to the prospect of motion practice — which did not happen, and which is also an insufficient reason (see Katalyst Sec., LLC v Marker Therapeutics, Inc., 2023 WL 22610 at *3, 2023 US Dist LEXIS 413 at *9). Instead of engaging in such motion practice, petitioners further contend that they elected to pursue their claims in the second proceeding and then waited until it was fully briefed before bringing an application for counsel fees. However, the second proceeding had not been filed until October 2021 and it was fully briefed in December 2021 — more than two months before petitioners filed the instant application in March 2022 — which is still beyond the time limit and not credibly explained by petitioners.[FN3] As it relates to the prejudice to respondent and whether petitioners acted in good faith, petitioners' admissions in their papers and at oral argument demonstrate that they intentionally ignored the 14-day limit in order to gain an advantage over respondent during settlement negotiations and in developing a litigation strategy for the second proceeding (see Swergold v Cuomo, 99 AD3d at 1143; see also Tancredi v Metropolitan Life Ins. Co., 378 F3d at 228). Under these circumstances, given the "strong interest in the finality of judgments[ and that] the mandatory 14-day limit for seeking attorneys' fees should not be lightly disturbed," we find that Supreme Court did not abuse its discretion in denying petitioners' counsel fee application as untimely (Slader v Pearle [*4]Vision Inc., 199 FRD 125, 126 [SD NY 2001]; see Smith, Gambrell & Russell, LLP v Telecommunications Sys., Inc., 155 AD3d at 457). We have examined the remaining contentions of the parties and have found them to be without merit or rendered academic.
Aarons, J.P., Pritzker, Lynch and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The original decision was issued in January 2021 and amended for non-substantive purposes.

Footnote 2: Supreme Court granted judgment based on petitioners' causes of action premised on state grounds, and, although it did not reach petitioner's claims on federal grounds, respondent conceded at oral argument that section 1988 remains available to petitioners.

Footnote 3: Following the March 2021 judgment, respondent issued amended regulations governing the method for calculating the CMI adjustments that became effective in June 2021. Petitioners commenced a second proceeding against respondent (Autumn View Health Care Facility, LLC v Zucker, Index No. 908586-21, Sup Ct, Albany County 2021]), alleging that respondent's rulemaking violated Supreme Court's March 2021 judgment. In a judgment entered in June 2022, Supreme Court dismissed the petition, clarifying that — contrary to petitioners' interpretation — the March 2021 judgment did not strike down respondent's CMI adjustment methodology, but rather found that the change in method constituted an unpromulgated rule that could not be implemented without complying with the requirements of SAPA.